United States District Court

Eastern District of California

Troy L. Nevels,

     Plaintiff,                      No. Civ. S 03-1590 MCE PAN P

  vs.                              Findings and Recommendations

Cheryl Pliler, et al.,

     Defendants.

-oOo-

    Plaintiff is a prisoner proceeding without counsel on a claim that defendant John Mahew was deliberately indifferent to a dangerous condition of plaintiff's prison confinement. Defendant moves to dismiss upon the grounds plaintiff fails to state a claim upon which relief can be granted and failed to exhaust available administrative remedies. Plaintiff filed no opposition.

    On a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6), the court must accept plaintiff's allegations as true, read the

1  complaint most favorably to plaintiff, give plaintiff the benefit
2  of every reasonable inference that appears from the pleading and
3  argument of the case and dismiss the complaint only if it is
4  clear that no relief could be granted under any set of facts that
5  could be proved consistent with the allegations.  <u>Wheeldin v.</u>
6  <u>Wheeler</u>, 373 U.S. 647, 658 (1963); <u>Retail Clerks International</u>
7  <u>Association, Local 1625, AFL-CIO v. Schermerhorn</u>, 373 U.S. 746,
8  754 n.6 (1963); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73
9  (1984).  The court may consider documents attached to the
10 complaint in evaluating a motion to dismiss.  <u>Parks School of</u>
11 <u>Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).
12      To state a claim under 42 U.S.C. § 1983, plaintiff must
13 allege an identified person deprived plaintiff of a right secured
14 to him by the Constitution or laws of the United States while
15 acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42,
16 48-49 (1988).  To state a claim that the conditions of
17 confinement constitute cruel and unusual punishment, plaintiff
18 must allege facts showing that prison officers were deliberately
19 indifferent to the need to provide "the minimal civilized measure
20 of life's necessities," or posing risk of a harm "that is not one
21 today's society chooses to tolerate."  <u>Helling v. McKinney</u>, 509
22 U.S. 25, 36 (1993);  <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03
23 (1991); <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981).  A prison
24 official is deliberately indifferent if he knows of and
25 disregards an intolerable risk to inmate health or safety.
26 <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).   "The official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Ibid.

Plaintiff alleges that December 10, 2002, he fell in a flooded shower defendant Mayhew was responsible for maintaining. Plaintiff attached an administrative appeal alleging he fell when "a lot of soapy water pooled on the shower floor," and "[b]ecause the floor was not properly installed, the water doesn't drain. Which [sic] often results in that area of the tier flooding." Plaintiff also attached a fellow prisoner's declaration that the fellow prisoner notified staff the shower flooded December 8, 9 and 10, 2002.

Defendant contends plaintiff's allegations are similar to the facts of Davidson v. Canon, 474 U.S. 344 (1986), in which the United States Supreme Court held that evidence a prison official took no action to protect a prisoner who expressed fear of attack by another prisoner because the official did not consider the situation serious and evidence a guard forgot to take action on the alleged threat established no more than negligence.

But accepting plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, defendant Mayhew knew the shower flooded regularly but took no action to protect prisoners against the obvious risk of harm.

I therefore find plaintiff states a claim.

Defendant contends plaintiff failed to exhaust available administrative remedies.

1   On a motion to dismiss for failure to exhaust available
2 administrative remedies, the court may look beyond the pleadings
3 and decide disputed facts. Wyatt v. Terhune, 315 F.3d 1108 (9th
4 Cir. 2002). 42 U.S.C. § 1997e(a) provides that a prisoner may
5 bring no § 1983 action until he has exhausted such administrative
6 remedies as are available. The requirement is mandatory. Booth
7 v. Churner, 532 U.S. 731, 741 (2001). The administrative remedy
8 must be exhausted before suit is brought and a prisoner is not
9 entitled to a stay of judicial proceedings in order to exhaust.
10 McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). Where a
11 litigant requests leave to proceed in forma pauperis, suit
12 commences when the request is granted. See 28 U.S.C.
13 § 1915(a)(1) (court may "authorize commencement" of suit without
14 prepayment of filing fee for person demonstrating inability to
15 pay).

16   California prisoners may appeal "any departmental decision,
17 action, condition, or policy which they can demonstrate as having
18 an adverse effect upon their welfare." 15 Cal. Admin. Code
19 § 3084.1(a). The regulations require the use of specific forms
20 but contains no guidelines for grievance content. 15 Cal. Admin.
21 Code §§ 3084.2, 3085 (designating use of CDC Form 602
22 Inmate/Parolee Appeal Form for all grievances except those
23 related to disabilities under the Americans with Disabilities
24 Act, which are filed on CDC Form 1824, Reasonable Modification or
25 Accommodation Request). Prisoners ordinarily must present their
26 allegations on one informal and three formal levels of review.

1  15 Cal. Admin. Code § 3084.5. While presentation on the third
2  level, the Director's Level of Review, exhausts the remedy for
3  departmental purposes, 15 Cal. Admin. Code § 3084.1(a),
4  inability to present allegations on any subsequent level exhausts
5  available remedies for purposes of 42 U.S.C. § 1997e(a). Ngo v.
6  Woodford, 403 F.3d 620 (9th Cir. 2005). Defendant has the burden
7  of identifying the remedies that remain available. Ibid.

8    December 11, 2002, plaintiff submitted an appeal alleging,

> On 12-10-02, I was using the upstairs shower in c-section when a lot of soapy water pooled on the floor and caused me to slip and fall in the shower. Because the floor was not properly installed, the water doesn't drain. Which [sic] often results in that area of the tier flooding. After the fall I was unable to get up due to injuring my back. In the ER, I was given a shot and prescribed pain medication.

Plaintiff requested compensation for "present and future pain and suffering" and requested the shower floor be repaired.

The appeals coordinator returned the appeal December 13, 2002, directing plaintiff to attach the medical report, a specific form, and asking, "What type of appeal is this? Do you want the shower fixed. [sic] Compensation is not part of the appeals process."

December 22, 2002, plaintiff resubmitted his appeal, writing in section "D,"

> I requested the 7219 (form) from medical records but my request was ignored. Since then I was seen in the E.R. again on 12-17-02 and 12-19-02 due to my back going out. On 12-19-02 I was admitted to the infirmary. Please disregard my request for compensation.

Plaintiff also wrote, "Yes, I want the shower fixed."

1 December 24, 2002, the appeals coordinator returned
2 plaintiff's appeal stating, "Write in A&B Section Only."
3 December 27, 2002, plaintiff submitted an appeal on a new
4 form alleging,

> On 12-10-02, I was using the upstairs shower in C-section when a lot of soapy water pooled on the floor and caused me to slip and fall in the shower. Because the floor was not properly installed, the water doesn't drain. Which often results in that area of the tier flooding. After the fall I was unable to get up due to injuring my back. In the ER, I was given a shot for pain and prescribed pain medication.

Plaintiff requested "the shower floor to be repaired as soon as possible."

The January 9, 2003, response granted the appeal, notifying plaintiff the problem would be investigated and informing plaintiff could appeal to the first formal level of review if he was dissatisfied. Plaintiff did not appeal.

Defendant contends that since plaintiff did not pursue his appeal to the Director's Level of Review he has failed to exhaust.

Prison staff granted plaintiff's appeal and advised him he could appeal if he was dissatisfied. Insofar as plaintiff was dissatisfied because he wanted damages, the appeals coordinator informed him he could not obtain such relief in the appeals process. Defendant fails to identify any remedy that remained available to plaintiff. See Ngo. Plaintiff could not obtain relief on any subsequent level of review.

Defendant asserts plaintiff should have identified defendant

Mayhew in the administrative appeal. A prisoner's appeal suffices if the prisoner completes the form provided by prison officials. <u>Butler v. Adams</u>, 397 F.3d 1181 (9th Cir. 2005). Plaintiff explained his problem and requested action on the forms provided which did not require he identify any specific person.

For these reasons, I find plaintiff exhausted the remedy available through the California Department of Corrections.

Defendant's November 24, 2004, motion to dismiss should be denied and defendant should be given 30 days to answer the complaint.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: June 7, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge