1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TROY L. NEVELS,

11              Plaintiff,              No. CIV S-03-1590 MCE EFB P

12        vs.

13   CHERYL PLILER, et al.,

14              Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations.

17   *See* 42 U.S.C. § 1983.  This action proceeds on the July 29, 2003, verified complaint in which

18   plaintiff claims that Correctional Sergeant John Mayhew violated his Eighth Amendment rights

19   by failing to take reasonable measures to prevent flooding in the shower area.  Plaintiff alleges

20   that he fell and injured himself when the shower area flooded.  Defendant Mayhew moves for

21   summary judgment, contending that he is entitled to qualified immunity and, in any event, there

22   is no genuine dispute about whether he was deliberately indifferent to plaintiff's safety.[1]  On July

23   18, 2006, the court directed plaintiff to either file an opposition or a statement of non-opposition

24   to the motion.  Instead of filing an opposition or a statement of non-opposition, on July 21, 2006,

25   _____

26        [1]  On September 24, 2004, the court informed plaintiff of the requirements for opposing a
     motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154
     F.3d 952, 957 (9th Cir. 1998) (en banc),  *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v.
     Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1   plaintiff filed a paper alleging that he did not understand defendant's motion for summary

2   judgment, but if he did he would oppose the motion by "honestly stating the facts of what

3   happened to me."  The court construes this as an opposition and request for counsel.  By separate

4   order, the court denies the request for counsel.  For the reasons explained below, the court finds

5   that defendant Mayhew is entitled to qualified immunity and, alternatively, there is no genuine

6   issue about whether he was deliberately indifferent to plaintiff's safety.  Accordingly, he is

7   entitled to judgment as a matter of law.

8   I.      Facts

9            At all times relevant to this action, plaintiff was a prisoner and defendant Mayhew was a

10   guard at California State Prison, Sacramento.  Defendant Mayhew was a sergeant assigned to an

11   Enhanced Outpatient Program housing unit.  Declaration of Mayhew ("Mayhew Decl.") at 1.

12   His duties included maintaining order and security and enforcing the rules of the California

13   Department of Corrections and Rehabilitation, including reviewing prisoner grievances at the

14   informal level of review.  Mayhew Decl. at 1.  His duties did not include repair and maintenance

15   of the showers in the unit, and he had no control over when a requested repair occurred.

16   Mayhew Decl. at 1-2.

17            Defendant knew that the shower drains at times would become clogged with hair and

18   soap, causing water to pool in the showers.  Mayhew Decl. at 2.  On December 5, 2002, a

19   different officer reported that the drains "near the upper tier shower" were "clogged, flooding,

20   won't drain," and requested that the condition be remedied.  Attach. 1 to Decl. of Philip Albee.

21   On December 9, 2002, defendant reviewed this request.  Mayhew Decl. at 1.

22            On December 10, 2002, plaintiff fell in the shower while it was flooded.  Verified

23   Complaint at 3.

24   II.     Standards for Summary Judgment

25            Summary judgment is appropriate when there is no genuine issue of material fact and the

26   movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).  As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issue raised on this motion; i.e. whether the defendant acted with deliberate indifference to the plaintiff's safety.  Equally important to this motion is that "deliberate indifference" is an essential element to plaintiff's cause of action.  There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial.  *Celotex,* 477

1    U.S. at 323.  To overcome summary judgment, plaintiff may not rest on the mere allegations or

2    denials of his pleadings.  He must demonstrate a genuine issue for trial.  *Valandingham v.*

3    *Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989).  The evidence he relies on to demonstrate a

4    genuine factual dispute must be such that a fair-minded jury "could return a verdict for [him] on

5    the evidence presented."  *Anderson*, 477 U.S. at 252.

6         "As to materiality, the substantive law will identify which facts are material.  Only

7    disputes over facts that might affect the outcome of the suit under the governing law will

8    properly preclude the entry of summary judgment."  *Id.* at 248.  Here, the substantive law

9    plaintiff is suing under is 42 U.S.C. Section 1983 and the Eighth Amendment.  To prevail at trial

10   he must prove that the defendant deprived him of his Eighth Amendment rights while acting

11   under color of state law.  To prove an Eighth Amendment violation plaintiff must show by a

12   preponderance of competent evidence that the defendant knew plaintiff faced a risk of harm that

13   "is not one that today's society chooses to tolerate," and that the defendant was "deliberately

14   indifferent" to that risk.  *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  As discussed

15   below, plaintiff has failed to establish a genuine dispute for trial over this material issue.  Before

16   reaching this issue, however, the court addresses the defense of qualified immunity.

17   III.    Qualified Immunity

18        Defendants contend that they are entitled to qualified immunity.  This defense protects

19   "government officials . . . from liability for civil damages insofar as their conduct does not

20   violate clearly established statutory or constitutional rights of which a reasonable person would

21   have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The defense permits defendants

22   to act on "a reasonable, but mistaken, belief about the facts or about what the law requires in any

23   given situation," thereby protecting  "all but the plainly incompetent or those who knowingly

24   violate the law."  *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Even if there has been a

25   constitutional violation, an official "should prevail if the right asserted by the plaintiff was not

26   'clearly established' or the [official] could have reasonably believed that his particular conduct

                                         4

1   was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

2          In deciding whether defendants are entitled to qualified immunity, the first inquiry must

3   be: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show

4   the [defendants'] conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201; *Seigert v.*

5   *Gilley*, 500 U.S. 226, 232 (1991).  If the court determines that no "constitutional right would

6   have been violated were the allegations established, there is no necessity for further inquiries

7   concerning qualified immunity." *Id.*  However, if the court finds that such a right would have

8   been violated, the court must determine whether the right defendants are alleged to have violated

9   was clearly established. *Id.*  A right is clearly established if "[t]he contours of the right [are]

10  sufficiently clear that a reasonable official would understand that what he is doing violates that

11  right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  The court must consider the specific

12  facts of the case before it.  *Saucier*, 533 U.S. at 202.  Therefore, the dispositive inquiry at the

13  second step is whether it would be clear to a reasonable prison official that "his conduct was

14  unlawful in the situation he confronted," by reference to decisional law agreeing that "certain

15  conduct is a constitutional violation under facts not distinguishable in a fair way from the facts

16  presented in the case at hand." *Saucier*, 533 U.S. at 201.  Decisional law need not proscribe the

17  exact conduct in question; it must only make the conduct's unlawfulness apparent. *Hope v.*

18  *Pelzer*, 536 U.S. 730 (2002).

19         The applicable decisional law in this matter is Eighth Amendment jurisprudence from the

20  United States Supreme Court and the Ninth Circuit Court of Appeals.  Prison officials violate

21  the Eighth Amendment's prohibition on cruel and unusual punishment if they are deliberately

22  indifferent to some basic human need of a prisoner, such as food, clothing, shelter, medical care

23  or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S.

24  337, 347 (1981).  To exhibit deliberate indifference, a prison official must be more than merely

25  negligent. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Rather, he must know of, or infer

26  from the circumstances, a risk of harm or injury that "is not one that today's society chooses to

5

1    tolerate," yet fail to take reasonable actions to mitigate or eliminate that risk.  *See Farmer*, 511

2    U.S. at 837; *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

3    IV.    <u>Analysis</u>

4          In order to decide the first part of the qualified immunity standard, the court considers

5    verbatim the allegations in plaintiff's verified complaint:

6          On 12-10-02, I slipped and fell in a flooded shower and badly injured my back.
           Warden Pliler is responsible for that institution.  Sgt. Mayhew, as E.O.P. Sgt. Is
7          supposed to make sure that everything in that housing unit functions properly.
           CA Dept. Of Corrections failed to ensure that the shower floor was properly
8          installed.

9    Complaint at 3.  In the attachments to the complaint, plaintiff alleges that the floor was not

10   properly installed and that water frequently does not drain, causing flooding.  These allegations

11   clearly allege a claim for negligence.  In the light most favorable to plaintiff, he alleges a duty of

12   care, a breach of the duty and a hazardous condition that resulted in his injury.  If taken as true,

13   his claim shows that water regularly pooled in the shower area because the floor was not

14   installed correctly, defendant Mayhew, as the sergeant in that area, knew or should have know

15   that there was a risk that a prisoner would fall but failed to eliminate that risk before the plaintiff

16   fell.  However, facts establishing a claim for negligence are not enough.

17         Generally, slippery floors, without more, "do not state even an arguable claim for cruel

18   and unusual punishment."  *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by*

19   *statute as stated in*, *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Yet, it is important

20   to bear in mind that confinement "strips [prisoners] of virtually every means of self-protection."

21   *Farmer*, 511 U.S. at 833.  Therefore, a condition of confinement, even if harsh, must have some

22   legitimate penological purpose.  *See Hudson v. Palmer*, 468 U.S. 517, 584 (1984); *Rhodes v.*

23   *Chapman*, 452 U.S. 337, 347 (1981).  Thus, what might appear to be a mere slip-and-fall claim

24   for negligence might, under some circumstances, constitute of case of deliberate indifference

25   under the Eight Amendment prohibition against cruel and unusual punishment.  *See Frost v.*

26   *Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (Noting that slippery floors without protective

1   measures could create a sufficient danger to warrant relief where prison guards were aware that

2   inmate was on crutches and fell and injured himself several times.)  However, this case does not

3   present such facts, nor other circumstances that could rise to the level of an Eight Amendment

4   violation.  There is nothing even bordering on the cruel alleged here.  There is no allegation that

5   Mayhew knew of and ignored an inmate's special needs because of impairment with ambulation.

6    Neither is there an allegation that Mayhew knew of and ignored several prior falls and injuries

7   with plaintiff.  Neither is there an allegation that with such knowledge Mayhew deliberately

8   allowed the floor to remain slippery as an impaired inmate was required to ambulate over it.  *See*

9   *Gilman v. Woodford*, 2006 WL 1049739, n.1 (E.D. Cal., 2006).  Rather, the complaint alleges a

10  defective shower drain in need of repair.  Moreover, there is no allegation that Mayhew was

11  aware of and ignored the dangerous condition for an extended period.[2]  There simply is nothing

12  presented here to establish deliberately indifferent conduct that rises to the level of cruel and

13  unusual punishment.  Therefore, the allegations fail to satisfy the first part of the qualified

14  immunity inquiry.

15         Defendant is entitled to immunity under the second part of the test as well.   Under the

16  second step the court must find that it would have been reasonably clear to a correctional

17  sergeant in defendant Mayhew's position that failure to mitigate or eliminate the risk of harm

18  would violate plaintiff's constitutional rights.  In 2002 it was clear that slippery floors, without

19  more, could " not state even an arguable claim for cruel and unusual punishment." *Jackson*, 885

20  F.2d at 641 (9th Cir. 1989).  Although it was also established that prison officials must ensure

21  safe shower conditions, including non-skid floor coverings, to a prisoner wearing a leg brace and

22  using crutches, *Frost v. Agnos*, 152 F.3d 1124, 1129 (1998), no case has yet held that a slip-and-

23  fall occurring one day after a guard had notice of the floor condition constitutes a violation of the

24  Eighth Amendment.  Rather, none of the cases this court has found supports a finding that a

25  _____

26      [2]  As discussed below, defendant Mayhew only learned of the shower condition one day
    before plaintiff fell.

1   prison guard in the circumstances that defendant Mayhew confronted would have known his

2   actions violated the Constitution.   For these reasons, defendant Mayhew is entitled to qualified

3   immunity at the second step as well.

4          Alternatively, defendant Mayhew is entitled to summary judgment on the merits.  Since

5   plaintiff has the burden of proving the essential elements of his claim, i.e., that defendant

6   Mayhew knew of yet failed to mitigate or eliminate a serious risk of injury, he must come

7   forward with evidence demonstrating a genuine issue for trial.  *See Valandingham*, 866 F.2d at

8   1142.  The evidence he relies on must be such that a fair-minded jury "could return a verdict for

9   [him] on the evidence presented."  *Anderson*, 477 U.S. at 248, 252.

10          Taking the facts in the light most favorable to plaintiff and drawing all reasonable

11   inferences in his favor, the court finds that plaintiff has not submitted evidence that creates a

12   genuine dispute for trial.  The evidence demonstrates that defendant Mayhew was a sergeant in

13   plaintiff's housing unit, where the showers flooded regularly because the floor was not installed

14   correctly.  One day before plaintiff fell and injured himself, defendant learned that the shower

15   was in a period of flooding when he reviewed a different officer's request that it be repaired.

16   Defendant Mayhew submits evidence that he had no control over when a repair, once requested,

17   would be made.  Mayhew Decl. at 1-2.  Plaintiff submits no evidence that defendant Mayhew

18   knew about the condition earlier than these facts show.  Neither does plaintiff submit evidence

19   that Mayhew could, either himself or by contacting other prison staff, accelerate the time frame

20   in which the condition would be remedied.  Finally, there is no evidence that plaintiff asked

21   Mayhew for permission to use a different shower and that Mayhew refused.  In short, there is no

22   evidence upon which a reasonable jury could find that defendant Mayhew was deliberately

23   indifferent to the risk of harm posed by the flooding shower.  Therefore, defendant Mayhew is

24   entitled to judgment as a matter of law.

25   ////

26   ////

1    Accordingly, it is hereby RECOMMENDED that defendant's May 31, 2006, motion for

2  summary judgment be granted and that judgment be granted in his favor.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

5  being served with these findings and recommendations, any party may file written objections

6  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

7  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

8  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

9  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  February 1, 2007.

11

12                                        EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26